UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
BRUCE WRIGHT,

                        Plaintiff,

   -against-

THE CITY OF NEW YORK,
POLICE OFFICER MARK PAREDES (TAX 951013),
and JOHN DOES 1-5,

                       Defendants.
---------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Bruce Wright, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## **PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## NOTICE OF CLAIM

4. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the accrual of his claims for false arrest and excessive force. He also filed a second notice of claim within 90 days of the accrual of his claims for malicious prosecution and denial of fair trial

5. More than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

6. Plaintiff, pursuant to General Municipal Law 50(h) was produced for a statutory hearing.

7. This action was commenced within one year and ninety days from the date the pendent claims herein accrued.

## VENUE

8. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

9. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

10. Plaintiff, Bruce Wright, is, and has been, at all relevant times, a resident of the City and State of New York.

11. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant, THE CITY OF NEW YORK, maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

13. At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER MARK PAREDES (Tax 951013), was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties. Defendant Paredes is sued herein in his official and individual capacities. At all times hereinafter mentioned, Defendant Paredes was assigned to the 83rd Precinct of the NYPD.

14. At all times hereinafter mentioned, the individually named defendants, JOHN DOES 1-5, were duly sworn members of said department and were acting under the supervision of said department and according to their official duties.

15. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

17. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

18. On January 9, 2016, at approximately 4:00 a.m., Plaintiff BRUCE WRIGHT was lawfully present inside of his home located at 1240 Gates Avenue, County of Kings, City and State of New York.

19. At that time and place the individually named defendants, including Defendant Paredes, burst through the door and handcuffed all occupants of the apartment, including plaintiff.

20. The Defendants placed excessively tight handcuffs on the Plaintiff, causing him to suffer pain and injuries.

21. The Plaintiff immediately complained to the Defendants that his handcuffs were too tight, but the Defendants did not loosen his handcuffs.

22. The defendants then commenced to search plaintiff's apartment uncovering no evidence of criminal or unlawful activity whatsoever on the part of the Plaintiff.

23. Despite the clear lack of evidence connecting him to any criminal or unlawful activity, defendants continued to detain the plaintiff inside of his apartment

24. The Plaintiff continued to complain to the Defendants about the tightness of the handcuffs and the pain he was experiencing as a result.

25. Plaintiff was not engaged in any suspicious or illegal activity.

26. Nonetheless, the Plaintiff was formally arrested, and was taken from his apartment and placed in a police vehicle where he remained for over an hour.

27. The Plaintiff remained handcuffed while he was in the vehicle, and he continued to complain to the Defendants about the excessive tightness of the handcuffs.

28. The Defendants did not loosen or remove plaintiff's handcuffs, despite their obligation to

refrain from needlessly injuring, endangering, or causing pain to the Plaintiff.

29. At no time on January 9, 2016, did Plaintiff commit any crime or violation of law.

30. At no time on January 9, 2016, did Defendants possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

31. At no time on January 9, 2016, did Defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

32. Nevertheless, Defendants thereafter transported Plaintiff to the stationhouse of a local area precinct.

33. Plaintiff remained in handcuffs for part of the time he was at the stationhouse, and he continued to complain about the excessive tightness of the handcuffs, but received no assistance from the Defendants in correcting this.

34. Plaintiff was held for several hours at the stationhouse before he was transported to Kings County Central Booking where he was held for several additional hours before he was arraigned on a criminal complaint containing false allegations provided by the Defendants, including Defendant Paredes.

35. The Defendants provided knowingly false and misleading information to prosecutors at the Kings County District Attorney's Office.

36. Each of the allegations were false and the Defendants knew them to be false when they were made.

37. After his arraignment, the Plaintiff was taken from Kings County Central Booking, to Rikers Island Correctional facility where he was held for several days.

38. Plaintiff was eventually taken back to Kings County Central Booking and he was

released from custody.

39. Plaintiff was required to make one final court appearance pursuant to the false allegations sworn to by the Defendants before his charges were dismissed.

40. Despite Defendants' unconstitutional actions, all charges against Plaintiff were dismissed in their entirety on July 12, 2016.

41. As a result of the foregoing, Plaintiff Bruce Wright sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injuries, and deprivation of his constitutional rights.

42. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

43. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

44. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all of the actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

46. Defendants, collectively and individually, while acting under color of state law, engaged

in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR
### FALSE ARREST AND EXCESSIVE FORCE
### UNDER 42 U.S.C. § 1983

47. Plaintiff BRUCE WRIGHT repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

48. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

49. As a result of the Defendants' conduct, the Plaintiff was subject to a level of force by the Defendants in excessive of what was reasonable under the circumstances.

50. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, he was falsely arrested without probable cause, and he was physically injured.

### SECOND CLAIM FOR RELIEF FOR
### DENIAL OF RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

51. Plaintiff BRUCE WRIGHT repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

52. Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Kings County District Attorney's Office.

53. As a result, Plaintiff suffered deprivation of his liberty, as he was required to make numerous court appearances to contest the false accusations against him.

54. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his

7

safety, he was detained and falsely arrested, and maliciously prosecuted pursuant to evidence and statements fabricated by the Defendants.

### THIRD CLAIM FOR RELIEF FOR
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

55. Plaintiff, BRUCE WRIGHT, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

56. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

57. Defendants did not make a complete and full statement of facts to the District Attorney.

58. Defendants withheld exculpatory evidence from the District Attorney and Grand Jury.

59. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

60. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

61. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

62. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

63. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

64. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

65. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Plaintiff's favor.

66. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his

safety, and he was maliciously prosecuted without probable cause.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

67. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

68. Defendants arrested, searched, and incarcerated plaintiff BRUCE WRIGHT, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate their constitutional rights.

69. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

70. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

71. Those customs, policies, patterns, and practices include, but are not limited to:

    i.  requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

      iv.    failing to properly train police officers in the requirements of the United States Constitution.

72. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

      i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

      ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

      iii.    falsifying evidence and testimony to support those arrests;

      iv.    falsifying evidence and testimony to cover up police misconduct.

73. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, BRUCE WRIGHT.

74. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

75. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

76. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed under arrest unlawfully.

77. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

78. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

79. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### FOR FALSE ARREST,
### FALSE IMPRISONMENT,
### EXCESSIVE FORCE,
### MALICIOUS PROSECUTION,
### AND DENIAL OF FAIR TRIAL
### PURSUANT TO STATE LAW

80. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

81. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

82. Plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

11

83. Due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiff, without warrant, authority of law or probable cause therefore.

84. That the acts and conduct on the part of the individual defendants constituting unlawful and unconstitutional conduct are: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; fabricating evidence against the plaintiff; prosecuting him without probable cause; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

85. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

86. That plaintiff was conscious of the confinement.

87. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

88. By the actions described above, defendants "POLICE OFFICERS" and THE CITY OF NEW YORK caused plaintiff to be falsely arrested and/or falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so; maliciously prosecuted without any valid or legal basis; and caused plaintiff to suffer physical injuries. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

89. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
October 7, 2016

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: /s/
JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020